NO. 12-07-00407-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




LUKE HARRIS
§
 APPEAL FROM THE 188TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE
§
 GREGG COUNTY, TEXAS






MEMORANDUM OPINION


PER CURIAM


 Luke Harris appeals his conviction for possession of more than four hundred grams of
cocaine, for which he was sentenced to imprisonment for twelve and one-half years. Appellant's
counsel filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.
Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the
appeal.


Background

 Appellant was charged with, among other things, possession of more than four hundred
grams of cocaine and pleaded "guilty." The trial court found Appellant "guilty," and commenced
a jury trial on punishment. Ultimately, the jury assessed Appellant's punishment at imprisonment
for twelve and one-half years. The trial court sentenced Appellant accordingly, and this appeal
followed.


Analysis Pursuant to Anders v. California

 Appellant's counsel filed a brief in compliance with Anders v. California and Gainous v.
State. Appellant's counsel states that he has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible error and that there is no error upon which an appeal
can be predicated. He further relates that he is well acquainted with the facts in this case. In
compliance with Anders, Gainous, and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.]
1978), Appellant's brief presents a chronological summation of the procedural history of the case
and further states that Appellant's counsel is unable to raise any arguable issues for appeal. (1) We
have likewise reviewed the record for reversible error and have found none.


Conclusion

 As required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's
counsel has moved for leave to withdraw. See also In re Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. 
Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw
is hereby granted and the appeal is dismissed. (2)

Opinion delivered May 13, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.








(DO NOT PUBLISH)
1. Counsel for Appellant certified that he provided Appellant with a copy of this brief. Appellant was given
time to file his own brief in this cause. The time for filing such a brief has expired and we have received no pro se
brief.
2. Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and
judgment to Appellant and advise him of his right to file a petition for discretionary review. See Tex. R. App. P.
48.4; In re Schulman
, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas
Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf
or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this court, after which it
will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R.
App. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate
Procedure 68.4. See In re Schulman, 252 S.W.3d at 408 n.22.